IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD AND MARION SNYDER<br>Appellants | Bankruptcy Case No. 99-53312<br>(Adversary No. 05-01666) |
| v. | Civil No. L-06-2138 |
| LATINO AMERICAN MEDIA<br>ORGANIZATION OF PA, INC., et al.<br>Appellees | |

## MEMORANDUM

Richard and Marion Snyder ("the Snyders"), acting pro se, have filed numerous bankruptcy appeals.[1] In this appeal, the Snyders challenge the Bankruptcy Court's Order remanding their adversary case (No. 05-01666) to the Court of Common Pleas, Lebanon County, Pennsylvania. For the reasons stated below, the Court will, by separate Order, AFFIRM the Bankruptcy Court's order and DIRECT the Clerk to CLOSE the case.

### I.   Background[2]

On March 15, 1999, the Snyders filed a voluntary Chapter 13 Petition in Bankruptcy in the United States Bankruptcy Court for the District of Maryland (Bankruptcy Case No. 99-53312). On July 15, 2005, the Bankruptcy Court dismissed the Snyders' case.

In early August 2005, Douglas Neatrour, Dalili Neatrour, and Latino American Media Organization of PA, Inc. (collectively referred to as "Latino American Media") filed a lawsuit

---

[1] Since 2003, the Snyders have filed at least 13 bankruptcy appeals in this Court. (See Civil Nos. L-03-1261, L-03-1539, L-03-1840, L-03-1841, L-03-1868, L-04-1123, L-04-1797, L-04-3132, L-06-330, L-06-331, L-06-1861, L-06-2138, and L-07-255.)

[2] The factual and procedural history of the Snyders' bankruptcy case and various adversary proceedings is complicated. Accordingly, the Court does not discuss it in its entirety. Rather, the background section herein discusses events relevant only to the issues presented in this instant appeal. For more information regarding the Snyders' bankruptcy case and adversary proceedings, please see the Court's Memoranda and Orders in the above-listed bankruptcy appeals.

against the Snyders in the Court of Common Pleas, Lebanon County, Pennsylvania. Latino American Media alleged that the Snyders had filed a number of frivolous lawsuits and appeals against them in state and federal courts. The complaint stated three counts (wrongful use of civil proceedings, abuse of process, and intentional infliction of emotional distress).

On August 22, 2005, the Snyders removed the case to the Bankruptcy Court for the District of Maryland, citing two removal statutes. First, they cited the general removal statute, 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Snyders claimed that the Bankruptcy Court (which is essentially an arm of the District Court to which the District Court refers bankruptcy petitions and bankruptcy-related cases) has original jurisdiction over the lawsuit because the suit "involves numerous Federal Questions." (See Adversary No. 05-01666, Docket No. 1.)

Second, the Snyders cited the bankruptcy removal statute, 28 U.S.C. § 1452(a). That statute is titled "Removal of claims related to bankruptcy cases" and states: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 provides district courts with original jurisdiction of "all civil proceedings . . . arising in or related to cases under Title 11." Id. § 1334(b). The Snyders claimed that the state lawsuit falls under § 1334(b) because it is "is a core proceeding effecting [sic] [their] estate." (See Adversary No. 05-01666, Docket No. 1.)

In an Order entered on June 12, 2006, the Bankruptcy Court, sua sponte, remanded the

case to the state court. (See Adversary No. 05-01666, Docket No. 14.) It stated two, alternative, reasons for remand. First, it concluded that the Snyders had not followed the proper removal procedure. According to both the general removal statute and the bankruptcy removal statute, a litigant may remove a state lawsuit to the United States District Court in the district <u>where the state lawsuit is pending</u>. 28 U.S.C. §§ 1441(a), 1452(a). Because the lawsuit was pending in state court in Pennsylvania, the Snyders should have removed the case to the United States District Court in Pennsylvania, the Bankruptcy Court explained. The next procedural step would have been a motion seeking transfer of venue to the District of Maryland, where the case would then have been referred to the Bankruptcy Court. Because the Snyders did not follow the proper procedure, the Bankruptcy Court remanded the case.

Second, the Bankruptcy Court remanded the case under § 1452(b) of the bankruptcy removal statute, which states that "[t]he court to which [a state claim] is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The Bankruptcy Court stated that it had already dismissed the Snyders' bankruptcy case. Although it recognized that the dismissal was on appeal to the United States District Court, it explained that "this court would waste judicial resources proceeding with this new litigation when by its own ruling there is no case." (See Adversary No. 05-01666, Docket No. 14, at 2.)

The Snyders filed the instant appeal, arguing that the Bankruptcy Court exceeded its statutory authority in remanding the case. For reasons unknown to the Court, Latino American Media did not file a response brief. The Court, however, finds it unnecessary to require briefing from Latino American Media and, for the reasons set forth below, will affirm the Bankruptcy Court's remand order.

## II. Standard of Review

A district court reviews a bankruptcy court's factual findings for clear error, and its conclusions of law under the de novo standard. In re Bogdan, 414 F.3d 507, 510 (4th Cir. 2005), cert. denied, Stewart Title Guar. Co. v. Logan, 126 S. Ct. 1052 (2006).

## III. Analysis

The Snyders attack both grounds on which the Bankruptcy Court remanded their case. Because the Court affirms the Bankruptcy Court's decision to remand on equitable grounds pursuant to 28 U.S.C. § 1452(b), it is unnecessary for the Court to determine whether the Bankruptcy Court had the authority to remand based on the procedural defect.

### A. Sua Sponte Removal

The Snyders contend that the Bankruptcy Court could not remand the case sua sponte. Courts may, however, remand sua sponte for equitable grounds under 28 U.S.C. § 1452(b) at any time during the case. In re Casual Male Corp., 317 B.R. 472, 474 n.1 (Bankr. S.D.N.Y. 2004) ("[T]he Court may raise the question of remand under § 1452(b) sua sponte."); In re Ciclon Negro, Inc., 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001) ("Generally, a federal bankruptcy court does not have to rely upon a motion by any party to remand a case under § 1452(b)."). Accordingly, the Court rejects the Snyders' argument.[3]

### B. Equities of the Case

The Snyders also argue that the equities of the case do not warrant remand. First, they claim that the Bankruptcy Court lacked the authority to close their underlying bankruptcy case.

---

[3] Although the Bankruptcy Court remanded sua sponte, it provided the Snyders an opportunity to be heard regarding remand. The Snyders attended a status conference on December 8, 2005, at which the Bankruptcy Court discussed remanding the case.

4

This Court has affirmed the Bankruptcy Court's dismissal of the Snyders' bankruptcy case. (See Civil No. L-06-330.) The Court, therefore, rejects the Snyders' argument.

Second, they argue that despite the closure of their bankruptcy case, the Bankruptcy Court retained jurisdiction over matters relevant to the case. The Court finds this argument unpersuasive. The bankruptcy case was already closed when the Snyders removed the state litigation. Without a pending bankruptcy case, there was no reason for the Bankruptcy Court to exercise jurisdiction over new issues.

Finally, the Snyders contend that the Bankruptcy Court did not consider the entire eleven-factor test that courts apply when deciding whether to remand on equitable grounds. The factors are: (i) "judicial economy," (ii) "forum non conveniens," (iii) "the expertise of the original court," (iv) "the possibility of inconsistent results," (v) "the effect of the action on the administration of the bankrupt estate," (vi) "the extent to which issues of state law predominate," (vii) "the difficulty of applicable state law," (viii) "comity," (ix) "the relatedness or remoteness of the action to the bankruptcy estate," (x) the existence of a right to jury trial," and (xi) "prejudice to the party involuntarily removed from state court." Sowell v. U.S. Bank Trust Nat'l Ass'n, 317 B.R. 319, 322-23 (E.D.N.C. 2004).

In its remand order, the Bankruptcy Court discussed only the first factor, judicial economy. The Bankruptcy Court explained that "this court would waste judicial resources proceeding with this new litigation when by its own ruling there is no case." (See Adversary No. 05-01666, Docket No. 14, at 2.) The Court agrees with the Bankruptcy Court's analysis of this factor.

Although the Bankruptcy Court did not specifically address the remaining ten factors, the Court finds that those factors also weigh heavily in favor of remand. For example, the complaint states three state law causes of action regarding the Snyders' alleged abuse of the judicial system. Contrary to the Snyders' assertions in their notice of removal, the complaint does not appear to raise any questions of federal law, and the allegations do not appear to bear any connection to the Snyders' bankruptcy case. The state courts in Pennsylvania are competent, and better suited, to handle these state law claims. See In re Ciclon Negro, Inc., 260 B.R. at 838 (considering that lawsuit "involves primarily state law causes of action, with no unique federal bankruptcy issues").

In addition, in the Civil Cover Sheet that the Snyders filed with their Notice of Removal, the Snyders stated that there is a jury demand in the case. Unless the parties consent, the Bankruptcy Court cannot conduct a jury trial. Id. at 838. There is nothing indicating that the parties ever consented to the Bankruptcy Court presiding over a trial in this case. Accordingly, although the Bankruptcy Court would be able to preside over the pretrial matters, the District Court would need to preside over the trial. Remanding the case to state court, which may hear the case in its entirety, is preferable to shuffling the case between the Bankruptcy Court and the District Court. Id.

Furthermore, the plaintiffs in the state suit are all Pennsylvania residents. Accordingly, it would be inconvenient for them to litigate their case in Maryland, especially when the case bears no connection to any pending litigation in this state.

For these reasons, the Court finds that the equities of the case weigh heavily in favor of remanding the case to the state court in Pennsylvania. The Court, therefore, will affirm the

6

Bankruptcy Court's decision.

### C.     All Writs Act

Finally, the Snyders ask the Court to invoke its authority under the All Writs Act to order the Bankruptcy Court to retain jurisdiction over the state case. The All Writs Act states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Snyders, quoting a Second Circuit case, argue that "a district court, in exceptional circumstances, may use its All Writs authority to remove an otherwise unremovable . . . case in order to 'effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" Stephenson v. Dow Chem. Co., 273 F.3d 249, 256 (2d Cir. 2001), aff'd in part and vacated in part, 539 U.S. 111 (2003).

The All Writs Act is inapplicable here. First, this Court has not previously entered any orders that would be frustrated if the Pennsylvania suit were to proceed in state court. Second, there are no exceptional circumstances that would warrant the Bankruptcy Court retaining jurisdiction over the state case.

### IV.    Conclusion

For the foregoing reasons, the Court will, by separate Order,

(i)     AFFIRM the Bankruptcy Court's order, and

(ii)    DIRECT the Clerk to CLOSE the case.

Dated this 8 7th day of March, 2007.

Benson Everett Legg
Chief Judge

7